# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00354-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFAULT JUDGMENT** |
| ) | |
| APPROXIMATELY $22,383.00 IN ) | |
| U.S. CURRENCY seized from ) | |
| Andre Nicholas Cortes on or about ) | |
| June 4, 2020, in Buncombe ) | |
| County, North Carolina, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment [Doc. 8].

Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the $22,383.00 in United States Currency ("the Defendant Currency") identified in the Complaint.

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted[1] facts.

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings

In May 2020, Detective Hendricks with the Asheville Police Department's Drug Suppression Unit ("APD-DSU") interviewed an individual referred to herein as "CSI 1." [Doc. 1 at ¶ 7]. CSI 1 informed Detective Hendricks that he/she could purchase illegal narcotics from an individual known as "Dre." [Id. at ¶ 8]. Detective Hendricks showed CSI 1 a photograph of an individual named Andre Nicholas Cortes. [Id. at ¶ 9]. CSI 1 confirmed that Mr. Cortes is "Dre." [Id.].

Mr. Cortes lives at the Canterbury Apartments in Asheville, NC. [Id. at ¶ 10]. He obtains illegal narcotics from south Florida and supplies them to CSI 1. [Id. at ¶ 11]. Mr. Cortes utilizes rental cars as his means of transportation. [Id. at ¶ 12]. He uses a white female known as "Gwen" to serve as a "runner" to assist him in conducting his illegal transactions. [Id. at ¶ 13]. CSI 1 confirmed that an individual named Gwendolyn Rose Welborne is "Gwen." [Id. at ¶ 14]. Ms. Welborne operates a red Nissan Maxima and works at the Rodeway Inn on Brevard Road. [Id. at ¶ 15].

On May 29, 2020, Detective Hendricks and Agent R. Genther with the North Carolina State Bureau of Investigation ("NCBSI") conducted

---

Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

surveillance near Mr. Cortes's address at Canterbury Heights. [Id. at ¶ 16]. Detective Hendricks observed a grey Ford Fusion in the parking lot that was rented under the name of Pamela Brock Jones. [Id. at ¶ 17]. Mr. Cortes has used the name "Brock" during multiple arrests and incidents with law enforcement. [Id.].

On June 4, 2020, detectives with APD, NCBSI, the Drug Enforcement Administration ("DEA"), and the Buncombe County Sheriff's Office ("BSCO") utilized CSI 1 to conduct a controlled purchase of illegal narcotics from Mr. Cortes. [Id. at ¶ 18]. On June 4, 2020 at approximately 7:47 p.m., CSI 1 purchased illegal narcotics from Mr. Cortes's runner, Ms. Welborne, using $9,425.00 in buy money that law enforcement provided. [Id. at ¶ 19]. At approximately 8:19 p.m. Detective Josh Harris observed Mr. Cortes and a female later identified as Aryana Cortes exit the residence at 4 Beri Circle and enter the grey Ford Fusion referenced above. [Id. at ¶ 20].

At approximately 8:20 p.m., BCSO Deputy Warren conducted a traffic stop of Ms. Welborne for speeding and failing to stop at a stop sign. [Id. at ¶ 21]. Ms. Welborne consented to a search of her vehicle. [Id. at ¶ 22]. During the search, Deputy Warren located 225 Oxycodone HCL 30 mg pills in a clear plastic bag inside of a blue purse. [Id. at ¶ 23]. Deputy Warren also located $2,900 in U.S. Currency inside a green purse in the vehicle that

matched the buy money that law enforcement provided to CSI 1 to purchase Oxycodone from Mr. Cortes. [Id. at ¶ 24].

Ms. Welborne voluntarily agreed to speak with detectives about the events leading up to the traffic stop. [Id. at ¶ 25]. Ms. Welborne stated that she just purchased the Oxycodone pills that were in the vehicle from "Dre," and confirmed that "Dre" lives at Canterbury Heights. [Id. at ¶ 26].

At approximately 8:28 p.m. on June 4, 2020, Deputy Nathan Ball conducted a traffic stop of Mr. Cortes for failing to stop at a stop sign and speeding. [Id. at ¶ 27]. During the traffic stop, Deputy Ball learned that Mr. Cortes had a suspended driver's license. [Id.]. While speaking with Mr. Cortes and a female in the vehicle, identified as Aryana Cortes, Deputy Ball noticed the odor of marijuana emitting from inside of the vehicle. [Id. at ¶ 28]. When asked about the odor of marijuana, Mr. Cortes stated that he had a small amount of marijuana in the center console of the vehicle. [Id. at ¶ 29]. One marijuana cigarette was seized in the vehicle weighing 1.2 grams and another marijuana cigarette weighing 2.5 grams was in Aryana Cortes's purse. [Id. at ¶ 30]. Additionally, $332.00 in U.S. Currency was seized from Mr. Cortes. [Id. at ¶ 31].

During the traffic stop, Mr. Cortes voluntarily agreed to speak to the officers. [Id. at ¶ 32]. Detective Hendricks arrived at the scene and

advised Mr. Cortes of the recent traffic stop of Ms. Welborne and what the officers had found. [Id. at ¶ 33]. Detective Hendricks advised Mr. Cortes that he would be seeking a search warrant to search Mr. Cortes's residence. [Id. at ¶ 34]. Detective Hendricks asked Mr. Cortes if he had anything else at the residence, and Mr. Cortes stated that he had a small amount of pills there. [Id.]. Mr. Cortes also confirmed that his home address was 4 Beri Circle. [Id.]. Detective Hendricks asked what a small amount meant and Mr. Cortes stated probably around 100. [Id. at ¶ 35]. Mr. Cortes informed the officers that he would take them to his house to retrieve the pills but he would not consent to a search of the house because he did not want his money to be seized. [Id.]. Mr. Cortes stated that he only had $1,000 at his house, but he would be broke if the money were seized. [Id. at ¶ 36]. Mr. Cortes was transported to the Buncombe County Detention Facility and charged with, among other things, simple possession of marijuana. [Id. at ¶ 37].

On June 4, 2020, at approximately 11:32 p.m., BCSO Deputy Joey Gorman executed a search warrant at Mr. Cortes's residence, located at 4 Beri Circle, Asheville, NC 28806. [Id. at ¶ 38]. During the search of the residence, officers located $21,227.00 in U.S. Currency in a plastic Nike bag in Mr. Cortes's room. [Id. at ¶ 39]. In

this same bag, officers also found 100 dosage units of yellow pills identified as Xanax and 4.1 grams of suspected marijuana. [Id.]. Additionally, officers located 19.25 dosage units of suspected Xanax in a container in Mr. Cortes's bedroom. [Id. at ¶ 40]. While searching Mr. Cortes's bedroom, the officers also located a Steyr .40 caliber handgun and one AR 12 gauge shotgun. [Id. at ¶ 41]. In the kitchen, officers located 75 Oxycodone HCL 30 mg pills in a cup in the cabinet. [Id. at ¶ 42]. Additionally, officers found a baggie of black rubber bands in the kitchen that were consistent with the rubber bands used to organize the sums of U.S. Currency that were found in Mr. Cortes's bedroom. [Id. at ¶ 43].

During a search of Susan Cortes's bedroom—Mr. Cortes's mother—Detective Hendricks located 5.9 grams of suspected marijuana in a clear plastic bag in a dresser drawer. [Id. at ¶ 44]. In this same drawer, Detective Hendricks located $1,156 in U.S. Currency that was organized with the same rubber bands as the U.S. Currency found inside Mr. Cortes's room. [Id.]. Additionally, officers located 1.75 dosage units of Xanax on a top of a dresser in Susan Cortes's bedroom. [Id.].

After finishing the search, Detective Hendricks spoke with Susan Cortes. Susan Cortes stated that the $1,156 in U.S. Currency was her rent money. [Id. at ¶ 45]. Detective Hendricks advised Susan Cortes

that the currency was packaged in the same manner as the currency located in Mr. Cortes's room. [Id.]. Susan Cortes then indicated that all of the currency was hers. [Id.]. Detective Hendricks asked Susan Cortes if the 100 Xanax pills in Mr. Cortes's room also belonged to her. [Id. at ¶ 46]. Susan Cortes denied that the pills with hers. [Id.]. Susan Cortes then recanted and denied that any of the U.S. Currency belonged to her. [Id. at ¶ 47].

On June 16, 2020, a trained and certified narcotics K-9 positively alerted to the Defendant Currency.

## **PROCEDURAL BACKGROUND**

On November 30, 2020, the Government filed a Verified Complaint for Forfeiture *in Rem*, alleging that the Defendant Currency seized from Mr. Cortes on or about June 4, 2020, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On December 1, 2020, the Clerk issued a Warrant of Arrest *in Rem* for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on December 14, 2020, the Government mailed notice and a copy of the Complaint to Andre Nicholas

Cortes and Susan Cortes. [See Declaration of Direct Notice, Doc. 6-1]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on December 29, 2020. [Doc. 4].

During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency. On April 19, 2021, the Government filed a motion for entry of Clerk's default. [Doc. 5]. On April 21, 2021, the Clerk entered default. [Doc. 7].

## **DISCUSSION**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a

violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency. After careful review, the Court finds that the Government has established that default judgment is appropriate.

## JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment [Doc. 8] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the $22,383.00 in United States Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby

forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**IT IS SO ORDERED**.

Signed: June 15, 2021

Martin Reidinger
Chief United States District Judge